1 U.S. 127
 1 Dall. 127
 1 L.Ed. 66
 Shoemaker
v.
Shirtliffe
 No. ____.
 Court of Common Pleas, Philadelphia County
 June Term, 1785
 
 1
 Dallas moved for a rule to show cause why the execution issued in this action, should not be staid, till another action, brought upon the act of Assembly against Usury, by Shirtliffe, the present defendant, against Shoemaker, the present plaintiff, was determined.
 
 
 2
 The motion was founded upon an affirmation, which stated, that the plaintiff and defendant, having been concerned in trade, borrowed money from one Anne Gibbs upon a usurious contract; that Anne Gibbs became pressing for the payment of the money while the defendant was out of town; that the plaintiff thereupon gave her his separate securities to pay within a certain time; that upon the defendant's return, he executed a bond and warrant of attorney to the plaintiff, for his proportion of the debt due to Anne Gibbs, that the present execution is issued upon the judgment confessed by virtue of that warrant of attorney; that an action is depending against Gibbs, on the act of Assembly against Usury, and that the defendant has also instituted a suit against the plaintiff, upon the same act returnable to September term, 1785.
 
 
 3
 It was suggested, in support of the motion, that the object of the execution, was a share which the defendant held in a vessel with the plaintiff, and others; and that if this share was taken and sold, the defendant would be in danger of loosing satisfaction, if he recovered in the qui tam action which he had instituted against the plaintiff.
 
 
 4
 Ingersol and Sergeant opposed the rule in the first instance. They contended, that, even admitting there had been an usurious contract between the parties to this suit, and Anne Gibbs; yet, as it did not appear that any part of the money had been paid, no penalty was incurred; for, the words of the act are, that no person shall receive or take. They said, likewise, that although the consideration of the bond was originally usurious, the act of Assembly did not make it void; but only worked a forfeiture to the value of the thing or money lent; and that, therefore, without going farther, if the defendant's cross action did not appear from his own stating well founded, it should not be made the instrument of delaying the plaintiff's satisfaction.
 
 
 5
 Dallas asserted, that he was prepared to prove Gibbs had received a part of the money, and that therefore the Usury was complete. He argued, that if the original agreement be corrupt between all the parties, and so within the act, no colour would exempt it from the dangers of usury. 1 Brownl. 73. 2 And. 428. 49 Shep. Abr. 170. That it is not material whether the payment of the principal and the usurious interest be secured by the same or different conveyances, for all writings whatsoever for the strengthening such a contract are void. 1 Hawk. 248. Cro. 1. 252. 508. That a second bond made after the forfeiture of a former, and conditioned for the receipt of interest according to the penalty of the forfeited bond, is within the statute. 1 Hawk. 248. 3 Keb. 142. That if a bond depends on some other deed, and that deed becomes void, the bond is void also. 2. Wils. 341. and that a fine levied, or a judgment suffered for the security of money in pursuance of an usurious contract, may be avoided by an averment of the corrupt agreement, as well as any paroll contract. 1 Hawk. 248. 3 Rol. 509. He said that the defendant did not wish to diminish the plaintiff's security, but only to obtain a cessation of proceedings 'till the illegal consideration of the bond was ascertained by the event of the cross action; that if the consideration was illegal by statute, it was void by the common law; and, consequently, that the defendant would then be entitled to recover form the plaintiff as much as was now taken in execution. 2. Wils. 341. Carth. 225.
 
 
 6
 But by the Court: We cannot in this way enter into a consideration of the merits of another action. Nor ought we upon so slight a foundation to grant a rule to show cause; for such rules by the delay which they occasion, are frequently as prejudicial to the plaintiff, as if they were made absolute.
 
 
 7
 Dallas took nothing by his motion.