## RAILWAY COMPANY *v.* UNITED STATES.

Where, by the terms of a decree rendered in its favor against a railway company, the United States was entitled to an execution thereon for a certain sum of money, and B., another company, the successor of A. and representative of its interests and assets, by petition prayed that an alleged indebtedness of the United States to B., contracted since the rendition of the decree, be applied in payment of that sum, — *Held*, that inasmuch as the claim of B. does not arise out of the decree, and the United States is not liable to suit thereon, except in the Court of Claims, B. is not entitled to the relief prayed for.

APPEAL from the Circuit Court of the United States for the Middle District of Tennessee.

The facts are stated in the opinion of the court.

*Mr. James E. Bailey* for the appellant.

*The Attorney-General* and *Mr. Edwin B. Smith*, Assistant Attorney-General, *contra*.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

On the 10th of November, 1871, the United States recovered a decree in an equity suit in the court below against the Nash-ville and Chattanooga Railroad Company, for $1,000,000, to be paid one-half in ten years, and one-half in twenty years, with interest semi-annually at the rate of four per cent per annum. By an arrangement between the parties, bonds with coupons attached were issued by the company to represent the amounts thus to be paid, and it was provided in the decree that if the company should "make default for the period of ninety days in the payment of any of the instalments of interest or of principal of said debt, or any part thereof, after the same shall have become due and payable, according to the tenor and effect of said bonds and coupons, then the United States, on filing with the clerk of the court any of said coupons or bonds, past due and unpaid for ninety days, shall have the right to have issued an order for the execution of this decree to the extent of such default by the sale of the railroad," &c. Default having been made in the payment of fifty-seven coupons, of $100 each, representing a part of the semi-annual interest on the bonds so issued, the United States, on the 12th of June, 1876, filed the coupons in the clerk's office, and asked for execution of the decree to that extent. Thereupon the Nashville, Chattanooga, and St. Louis Railroad Company, the successor of the original defendant company, and representing its debts and assets, appeared, and, by petition, asked that a debt which the United States owed the petitioning company for services performed in military transportation and carrying the mails since the date of the decree, might be applied to the payment and cancellation of the coupons in default and on file. From the petition itself it appears that the United States refused to make the application because of an alleged defence they had to the claim, and the evident purpose of the company is to have the validity of that defence determined in this proceeding.

In our opinion the court below properly declined to entertain the petition. The claim of the railroad company does not arise out of the decree. There is no connection between the demand of the United States on the one side and that of the railroad

company on the other. The United States ask for no new decree, but execution because of default in the payment of an old one. Upon their application the only question is whether there has been default for the requisite time in the payment of the coupons filed. The railroad company admits the default, but insists, in effect, that the United States ought to apply the coupons to the payment of a debt they owe the company, and thus cancel the default. This the United States decline to do, because they claim they do not owe the debt set up by the company. Clearly this dispute between the parties could not, even before final decree, be made the subject of a cross-bill, because it does not grow out of the original suit. A cross-bill cannot be used to bring in new and distinct matters. *Ayers* v. *Chicago, supra,* p. 184; *Rubber Company* v. *Goodyear,* 9 Wall. 788; *Cross* v. *De Valle,* 1 id. 5. Neither can the petition be treated as an original and independent suit, for the United States cannot be sued on contracts except in the Court of Claims. If the United States had sued the railroad company on the coupons, other questions might have arisen; but they did not do so. All they have done has been to file their coupons with the clerk in order to get execution on their old decree.

*Decree affirmed.*