## YAPLE v. DAHL–MILLIKAN GROCERY COMPANY.

### CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE SIXTH CIRCUIT.

No. 181. Submitted March 15, 1904.—Decided April 4, 1904.

Where a creditor has a claim for a balance due against an insolvent debtor afterwards adjudicated a bankrupt, upon an open account for goods sold and delivered four months before the adjudication in bankruptcy, and during said period makes a number of sales of merchandise on credit to the insolvent debtor, which becomes a part of the debtor's estate, and during the same period receives payments of sums on account, from time to time, which payments are received in good faith without knowledge of the debtor's insolvency on the part of the creditor, the sales exceeding in amount during said period the payments made during the same time, he has not received a preference which he is obliged to surrender before his claim shall be allowed. *Jaquith* v. *Alden*, 189 U. S. 78.

THE facts are stated in the opinion of the court.

*Mr. W. T. McClintick* for appellant, cited *Pirie* v. *Trust Co.*, 182 U. S. 443; 5 Am. Bk. Rep. 814; *McKey* v. *Lee*, 105 Fed. Rep. 923; 45 C. C. A. 127; 5 Am. Bk. Rep. 271; *Morey Mer. Co.* v. *Schiffer*, 7 Am. Bk. Rep. 670; *Gans* v. *Ellison*, 8 Am. Bk. Rep. 153; *Kahn* v. *Exp. & Commission Co.*, 8 Am. Bk. Rep. 157; *Re William Bothwell*, 8 Am. Bk. Rep. 213. The date of payment of a check is when it is paid by the bank and not when it is given out by the bankrupt. *Re Amasa Lyon*, 7 Am. Bk. Rep. 412.

There was no appearance or brief for the appellee.

THE CHIEF JUSTICE: Two questions are propounded by this certificate, namely:

"1. Where a creditor has a claim for a balance due against an insolvent debtor afterwards adjudicated a bankrupt, upon an open account for goods sold and delivered four months before the adjudication in bankruptcy, and during said period makes a number of sales of merchandise on credit to the insolvent debtor, which becomes a part of the debtor's estate, and during the same period receives payments of sums on account, from time to time, which payments are received in good faith without knowledge of the debtor's insolvency on the part of the creditor, the sales exceeding in amount during said period the payments made during the same time, has the creditor under such circumstances received a preference which he is obliged to surrender before his claim shall be allowed under the bankrupt act?

"2. If each of such payments is a preference under the act is it to be set off under section 60*c* of the act by deducting subsequent sales therefrom, carrying forward to the next payment any excess of preferences, but not of sales, treating any excess of preferences as thus ascertained as a sum to be surrendered before the allowance of the creditor's claim?"

The first question is answered in the negative on the authority of *Jaquith* v. *Alden,* 189 U. S. 78; and the second need not be answered.

*Certified accordingly.*