# IN THE MATTER OF FRANCISCO PARDO, Bankrupt.

San Juan, Bankruptcy, No. 35.

Under § 67c of the bankruptcy act of 1898, all attachments obtained against the property of the bankrupt within four months previous to the date of the filing of his petition, when the creditor had knowledge of the insolvent condition of the bankrupt, are released by the filing of the petition, and the creditor entitled to no preference.

Opinion filed November 5, 1909.

*Mr. Frank Antonsanti,* attorney for the bankrupt.

RODEY, Judge, delivered the following opinion:

This matter comes to the court from the referee on the latter's certificate for advice as to a question that arose in the proceedings before him.

The question to be decided is whether a creditor of the bankrupt, who brought a suit and attached the goods of the bankrupt a few days before or after the filing of the bankrupt's voluntary petition, and in the same month, and shortly thereafter secured judgment and sold the goods levied upon in part satisfaction of his debt, should be required to turn the money over to the trustee in bankruptcy.

In the Matter of Pardo.

The facts, as we gather them from the record, appear to be as follows: In the month of August, 1908, a creditor of the bankrupt, named Ricardo Vela, brought a suit in an insular court and attached the entire stock in trade of the bankrupt, which was all he possessed in the world at the time. The little stock was not worth very much, as only $247 was realized from it at the sale under the execution. The certificate from the referee indicates that the voluntary petition in bankruptcy was presented to this court on the 8th day of August, 1908, but the clerk's record shows that it was not filed until the 22d of that month. The original papers are not before us, but the clerk states, and it is probably true, that August 8th is the date of the verification of the petition and schedules, although they were not filed in this court until two weeks later. Two days after this, on August 24th, the creditor Ricardo Vela recovered his judgment against the bankrupt, and shortly thereafter executed, as indicated. The bankrupt, at the time of filing his petition, also filed a petition to be allowed to proceed *in forma pauperis*. For some reason not apparent from the record, and not known to the court, the bankrupt and his counsel allowed the petition and schedules to remain in the files of the court for almost a year, or until July 9, 1909, when they applied for and secured the adjudication of the petitioner as a bankrupt and a reference of the cause to the referee. Nothing was heard of the matter thereafter, so far as the clerk's office is concerned, until recently, when this record was certified here for this opinion.

The inference and conclusion to be drawn from the evidence taken before the referee, and which has been certified to us, is that this creditor undoubtedly had full knowledge of the insolv-

ent condition of the bankrupt directly before bringing his suit, and brought it with intent to get a preference over other creditors and to secure his debt.

We do not see how any question can have arisen regarding the rule of law on these facts. Under § 67c of the bankrupt act of 1898, this attachment lien was released by the mere filing of the petition in voluntary bankruptcy by the debtor; and from that instant the property belonged to the trustee in bankruptcy then or thereafter to be appointed. The referee evidently must have confounded the issue with issues in a class of cases upon which there has been much controversy; that is, where a merchant is dealing with a bankrupt without knowledge of the latter's insolvency, and in good faith gets payments on account from time to time within four months before the filing of the petition. In that sort of a case much controversy arose as to whether the merchant ought to be required to surrender the money he had received on account before he is permitted to prove up the balance of his claim against the estate. It has now been settled that in such case the creditor (where he lacks knowledge of the insolvency) is not bound to surrender the payments thus made to him within four months. See Joseph Wild & Co. v. Provident Life & Trust Co. 214 U. S. 292, 53 L. ed. 1003, 29 Sup. Ct. Rep. 619 (decided as recently as May 24, 1909), where this doctrine is affirmed, and where a reference is made to the other leading cases in the Supreme Court of the United States on that and cognate questions. See also pp. 787 and 788, 7th ed. (1909), Collier on Bankruptcy, and where it is shown that under the section of the bankrupt act in question, all attachments obtained against insolvents within four months previous to the date of the filing of the petition are dissolved.

In the Matter of Pardo.

It follows that the filing of this voluntary petition released the attachment, and the property belonged to the trustee in bankruptcy thereafter, and the latter could even have sued for its possession; but as the creditor is before the referee, trying to prove up the balance of his claim, he is within the jurisdiction of the court, and therefore the referee is empowered to order him to turn over the money he received in satisfaction of his execution to the trustee for distribution to all the creditors, according to law.