## In re FARMERS' STORE & SUPPLY CO.

(District Court, N. D. West Virginia. June 26, 1914.)

BANKRUPTCY (§ 165*)—PREFERENCES—PAYMENTS WITH KNOWLEDGE OF INSOLVENCY.

Where certain creditors of a bankrupt, with knowledge of its insolvency, endeavored to save it from bankruptcy, and in doing so placed a representative in charge, and furnished goods necessary to replenish the stock on credit, and would have carried the scheme to a successful conclusion, had not one creditor secured judgment and issued execution thereon, which precipitated bankruptcy, payments made on account of the goods so sold within four months prior to the bankruptcy adjudication were preferential.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 259, 260, 266; Dec. Dig. § 165.*]

In Bankruptcy. In the matter of bankruptcy proceedings of the Farmers' Store & Supply Company. Petitions of the Morris Grocery Company and another to revise orders of the referee declaring that petitioners were accountable in dividend payments for certain alleged preferences. Affirmed.

R. S. Douglass, of Clarksburg, W. Va., for petitioners.
Charles G. Coffman, of Clarksburg, W. Va., for objecting creditor.

DAYTON, District Judge. This case illustrates that some hardships arise in the administration of the law that cannot be avoided. There cannot be the slightest doubt of the fact that these two petitioning creditors, the Morris Grocery Company and the Koblegard Company, finding the bankrupt company so involved in debt and bad management as to be unable to pay its debts, and therefore in the legal sense insolvent, in good faith and for the best interests of themselves and all other creditors, undertook to relieve the bankrupt from its embarrassment, place it on its feet, and enable it to pay in full its debts and establish itself in business. To this end they substantially took charge of the business, with Cole, an efficient man, in charge, who made reports from time to time to them, and succeeded in making a net reduction of over $600 in the bankrupt's liabilities within a comparatively short period of time. To carry on the business and accomplish this result these petitioners furnished upon credit goods necessary to replenish stock and received payments from time to time on account thereof.

It is to be regretted that this very meritorious plan to save this bankrupt could not have been carried to what, in my judgment, would have been a very successful conclusion. One creditor prevented this. He instituted suit, secured judgment, and issued execution thereon. These petitioners were then confronted with either the necessity of practically assuming and paying off this creditor in full, or of giving up their effort and allowing the bankruptcy court to take charge. They very naturally chose the latter alternative. It appears that Cole, the manager, at or near this time, paid out of the assets of the company to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

petitioner the Morris Grocery Company, on account of goods sold during the arrangement above referred to, the sum of $356.94, and to petitioner the Koblegard Company $80.62, which payments were, of course, within four months of the adjudication in bankruptcy. The referee has held these payments to be preferential, and decreed petitioners to be accountable therefor in dividend payments upon their debts. To reverse this order, these petitions have been filed.

The whole matter must stand upon the construction of the statute given by the Supreme Court. So far as I can see, the cases are uniform in their holdings:

"Where a creditor has a claim for a balance due against an insolvent debtor afterwards adjudicated a bankrupt, upon an open account for goods sold and delivered four months before the adjudication in bankruptcy, and during said period makes a number of sales of merchandise on credit to the insolvent debtor, which becomes a part of the debtor's estate, and during the same period receives payments of sums on account, from time to time, which payments are received in good faith, without knowledge of the debtor's insolvency on the part of the creditor, the sales exceeding in amount during said period the payments made during the same time, he has not received a preference which he is obliged to surrender before his claim shall be allowed." Yaple v. Dahl-Millikan Grocery Co., 193 U. S. 526, 24 Sup. Ct. 552, 48 L. Ed. 776; Jaquith v. Alden, 189 U. S. 78, 23 Sup. Ct. 649, 47 L. Ed. 717; Pirie v. Chicago T. & T. Co., 182 U. S. 438, 21 Sup. Ct. 906, 45 L. Ed. 1171; Wild v. Provident Trust Co., 214 U. S. 292, 29 Sup. Ct. 619, 53 L. Ed. 1003.

It is clear from these decisions that merchants may sell goods to an insolvent customer, and may receive payments from him on account thereof within the four months prior to adjudication in bankruptcy, without such payments constituting a preference, provided the creditor so selling has no knowledge of the insolvency of his customer. If he has such knowledge, then such payments become preferential. The conclusion is inevitable in this case that petitioners knew of the insolvency of the bankrupt when they sold these goods and received the payments. Their taking substantial control, through Cole, of the bankrupt's business, with the very generous and laudable purpose of saving it from the results of such insolvency and inability to pay its debts, shows this knowledge, and, as stated in the beginning, the hardship to them arising from the regrettable failure of such effort is one arising under the law's administration, for which I can see no remedy.

The ruling of the referee must be affirmed.