## In re WALKER GRAIN CO.

(District Court, N. D. Texas, Fort Worth Division. October 13, 1925.)

### No. 1001.

1. **Bankruptcy ⊚═>305—Injunction to restrain sale of property of claimant, holding preferences from bankrupt's estate, held properly denied.**

Where orders requiring claimant to surrender unlawful preferences were not complied with, and trustee levied on and offered for sale certain property of claimant to satisfy some of such judgments, injunction to restrain sales, because claimant was alleged to hold large provable claims against bankrupt, *held* properly refused.

2. **Bankruptcy ⊚═>311(6)—Filing of voluntary petition in bankruptcy by claimant holding voidable preferences held not a "surrender" of such preferences within Bankruptcy Act.**

Claimant, having received voidable preferences and transfers from bankrupt, *held* not to have "surrendered" such preferences and transfers, within Bankruptcy Act, § 57g (Comp. St. § 9641), by himself filing petition in bankruptcy after certain of his property had been levied on to satisfy judgments directing him to restore such preferences, so as to warrant allowance of claim asserted by his trustee.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Surrender.]

In Bankruptcy. In the matter of the Walker Grain Company, a bankrupt. Motion to set aside order affirming referee's action in refusing to allow claims of J. L. Walker, because claimant had received preferences. Motion overruled.

See, also, 294 F. 951.

E. B. Robertson, H. T. McGown, and P. T. Lomax, all of Fort Worth, Tex., W. E. Spell, of Waco, Tex., and Merritt & Leddy, of Dallas, Tex., for the motion.

George M. Conner, Boykin & Ray, and Capps, Cantey, Hanger & Short, all of Fort Worth, Tex., opposed.

ATWELL, District Judge. On the 3d day of July, A. D. 1925, this court entered an order affirming the holding of the referee, disallowing the claim of J. L. Walker for $25,403.13, on the ground that the said Walker had received a voidable preference in excess of the amount of that claim which he had failed and refused to restore. Thereafter, on an early date in August, when this court was in session, a motion was made by Walker to set aside that order. In the meantime Walker had filed a voluntary petition in bankruptcy, and B. K. Goree, Esq., of the Fort Worth bar, had been appointed receiver of his estate, and it was suggested that it would be well to allow Mr. Goree to consider intervening and taking charge of the litigation.

On an early date in September, Receiver Goree did become the mover in that motion. The case was set down for hearing on October 9th. Upon that date full oral argument was had. Because I am always responsive to any speedy method for terminating disputes, I welcomed the suggestion of the trustee, made through the former counsel of Walker, that the court should look into the claims made by Walker, and if there was no merit in them that would be the end of it, and if they were meritorious they could be allowed and the difference, if any, could be paid over to Trustee Wilkinson, and the entire matter ended.

Casual consideration of the cases of Page v. Rogers, 211 U. S. 581, 29 S. Ct. 159, 53 L. Ed. 332, Keppel v. Tiffin Savings Bank, 197 U. S. 359, 25 S. Ct. 443, 49 L. Ed. 790, and In re Wright-Dana Hardware Co., 212 F. 403, 129 C. C. A. 73, seemed to justify that course. A more thorough consideration of the statute and of the three cases mentioned, together with the facts of the case at bar, drive me to a different opinion.

The case of Page v. Rogers, 211 U. S. 581, 29 S. Ct. 162, 53 L. Ed. 332, contains this language: "Now that this litigation has come to an end, and the defendant has been compelled to surrender the preference which he

received, he is entitled to prove his claim, and to receive a dividend on it upon an equality with other creditors." That statement is supported by a citation of the case of Keppel v. Tiffin Savings Bank, 197 U. S. 359, 25 S. Ct. 443, 49 L. Ed. 790. In truth, that was the condition in both Page v. Rogers and Keppel v. Tiffin Savings Bank. That is not the condition of the present case. I feel sure that the Supreme Court did not intend to repeal section 57g of the Bankruptcy Act (Comp. St. § 9641). Nisi prius courts and courts of appeal have been giving constant effect to that most salutary provision.

Mr. Walker has not only not surrendered his preferences, but he has bordered on the contumacious with reference to restoration of moneys which this court has ordered him to restore, and he has been the recipient of alleged fraudulent transfers. None of these funds has ever been surrendered to Trustee Wilkinson. There has been no voluntary nor involuntary surrender. I cannot hold that voluntary bankruptcy, even in the same court with a different trustee, months and perhaps years after the entry of some of the orders and judgments, is that surrender which the law demands.

Section 57g reads as follows: "The claims of creditors who have received preferences, voidable under section 60, subdivision b, or to whom conveyances, transfers, assignments, or incumbrances, void or voidable under section sixty-seven, subdivision e, have been made or given, shall not be allowed unless such creditor shall surrender such preferences, conveyances, transfers, assignments, or incumbrances."

To allow the claims of Walker at the present stage of the proceedings would be to mock this statute. No preference has been surrendered; no transfer has been surrendered; no advantage has been surrendered. There has been no surrender in any sense of the word.

The two cases by the Supreme Court mentioned above deal with adjudications relating to preferential claims. Such adjudications include, of course, two steps, namely,

the establishment of the claims and the preference thereon. In the instant case there has been no establishing of claims; there has been no end of the litigation; and this endlessness is not made less hazardous by a voluntary bankruptcy a long time after the receipt of preferences and of transfers. That this must be the correct ruling will be evidenced by a reading of the following cases: Swarts v. Bank, 117 F. 1, 54 C. C. A. 387; Pirie v. Chicago Title Co., 182 U. S. 438, 21 S. Ct. 906, 45 L. Ed. 1171; Joseph Wild & Co. v. Provident Life & Trust Co., 214 U. S. 292, 29 S. Ct. 619, 53 L. Ed. 1003; Gregg Grain Co. v. Walker Grain Co., 285 F. 156, C. C. A. 5th. Circuit; Collier on Bankruptcy (3d Ed.) pages 318, 319.

[1] This court having, for the last several years, tried many branches of this litigation, has fresh in its breast, at least, a portion of its history. Many final, solemn orders were entered wherein Mr. Walker was directed to pay given sums to the trustee. I believe every one of those orders has been disobeyed. In July of this year the trustee had levied upon, and was offering for sale, certain property of Walker to satisfy some of such judgments. Application was made by Walker to this court, and perhaps to another court, to have the sales enjoined for various reasons, among which was the statement that he held large provable claims against the Walker Grain Company, and should not suffer the sale of his private property at a time when the bankrupt corporation was indebted to him. These appeals for stays were all properly refused. Shoemaker v. Shirtliffe, 1 Dall. 127, 1 L. Ed. 66; 23 Corpus Juris, 524; Avery v. United States, 79 U. S. (12 Wall.) 304, 20 L. Ed. 405; Nashville Railway v. United States, 101 U. S. 639, 25 L. Ed. 1074; Pullman Car Co. v. Railway, 56 F. 756, 6 C. C. A. 105.

[2] Thereupon Walker filed a voluntary petition in bankruptcy, and now suggests that thereby he has surrendered all preferences and transfers. It is impossible for me to agree with him, and the motion is overruled.