## TALTY v. ROSENTHAL.

(District Court, D. Massachusetts. June 18, 1926.)

No. 2476.

Bankruptcy ⊜⟶303(3)—Trustee to recover as voidable preferences payments to defendants must establish by fair preponderance of evidence that she had reasonable cause to believe they were such; suspicion is not enough (Bankr. Act, §§ 60a, 60b [Comp. St. § 9644]).

Under Bankr. Act. §§ 60a, 60b (Comp. St. § 9644), though payments by bankrupt within four months of bankruptcy to or for defendant, wife of bankrupt's president and treasurer, be preferences, trustee to recover them as voidable must establish by a fair preponderance of the evidence that defendant had reasonable cause to believe they were preferences, and mere suspicion is not enough.

In Equity. Suit by Harry T. Talty, trustee in bankruptcy, against Sarah Rosenthal. Bill dismissed.

See, also, 14 F.(2d) 240.

Charles J. Goldman, of Lynn, Mass., for plaintiff.

Coughlin & Jacobs, of Lynn, Mass., for defendant.

BREWSTER, District Judge. The plaintiff, as trustee in bankruptcy of the Lynn Cut Sole Company, brings this bill in equity against Sarah Rosenthal, wife of Isador Rosenthal, the president and treasurer of the bankrupt corporation, to recover $3,980 paid to her by the bankrupt within four months prior to the date of the bankruptcy proceedings, which were instituted by an involuntary petition filed December 17, 1924.

I find that the bankrupt paid to the defendant, or for her account, during said four-month period, sums aggregating $4,240. Whether the payments thus made may be recovered as a preference voidable under section 60(b) of the Bankruptcy Act (Comp. St. § 9644), is the question that requires consideration. The facts pertaining to this inquiry, as established by the evidence, are as follows:

The defendant, in order to provide for certain improvements thereon, increased a first mortgage on her individual property, and also secured a loan of $2,000 on a second mortgage on the same property from one Eigner. From these sources she obtained $4,396.15, which she was induced to loan to the bankrupt on August 12, 1924. On the same day the bankrupt gave her two notes, one for $2,000, and one for $1,100. One or both of these notes the defendant shortly thereafter discounted with her bank, thereby obtaining funds to meet her personal obligations incurred in connection with the work on her real estate. These notes were paid by the bankrupt, according to the books of the corporation, on November 24 and November 25, 1924, respectively, but whether paid to the defendant or to the bank does not appear.

When the defendant advanced the money to the bankrupt, the bankrupt agreed to assume and pay, as they became due, the installments on the second mortgage note. Pursuant to that agreement installments were paid between August 17, 1924, and December 17, 1924, which amounted to the total sum of $440. In addition to the above, the bankrupt paid the defendant by checks $500 on December 1, 1924, and $200 on December 10, 1924, making a total of payments made by the bankrupt to the defendant and to said mortgagee of $4,240 subsequent to August 26, 1924; $3,800 of this amount was paid within a month prior to the institution of bankruptcy proceedings, and all of it was paid to the defendant in settlement of her claim for money loaned by her to the bankrupt on August 12, 1924. I find, also, that during the four-month period the bankrupt was insolvent within the meaning of the term as defined by the Bankruptcy Act of 1898.

If we grant the contention of the plaintiff that these payments should be regarded as preferences under section 60(a) of the Bankruptcy Act (Comp. St. § 9644), he will not be entitled to recover them in these proceedings, unless he has sustained his burden of showing that the defendant had reasonable cause to believe that the payments were preferences. I have no doubt that the officers of the bankrupt corporation saw the impending failure, and fully intended, when making the payments to the defendant, to prefer her over other creditors, but I am not convinced that the defendant participated in this intention. She took no part in the affairs of the corporation, and the evidence before me does not tend to show that she had any knowledge of the insolvent condition of the corporation. It is apparent, from the fact that she loaned it without security over $4,000 on August 12, 1924, that she then believed the corporation solvent. She testified that sometimes her husband told her that "business was good," and sometimes that "it was not good." She knew it was in need of funds, but it does not appear that she was aware of the fact that the payments enabled her to receive a greater percentage of her debts than other creditors of the same class. Nor was she in possession of knowledge respecting the financial condition of the corporation which would consti-

tute that reasonable cause to believe that the statute requires.

The evidence may warrant, inferentially, a suspicion that she shared in the desire and intent of the husband to prefer her, but the rights of the parties must turn not upon suspicions, but upon facts established by a fair preponderance of the evidence before the court. I have been the more inclined to give the defendant the benefit of any doubts I have entertained, because, only a few days before the beginning of the four-month period, she contributed to the corporation more than she received out of it. Her transactions with the corporation, considered as a whole, enriched, rather than depleted, the estate. See Gans v. Ellison, 114 F. 734, 52 C. C. A. 366; Jaquith v. Alden, 189 U. S. 78, 23 S. Ct. 649, 47 L. Ed. 717; Yaple v. Dahl-Millikan Grocery Co., 193 U. S. 526, 24 S. Ct. 552, 48 L. Ed. 776; Joseph Wild & Co. v. Provident Life & Trust Co., 214 U. S. 292, 29 S. Ct. 619, 53 L. Ed. 1003. Remington on Bankruptcy, § 1846.

In this case a decree may be entered dismissing the bill without costs.