## In re HARRY R. PHILLIPS CO., Inc.

District Court, M. D. Pennsylvania. July 10, 1928.

### No. 5460.

Frank E. Donnelly, of Scranton, Pa., for petitioning creditors.

Landau, Gronfine & Hogi, of Scranton, Pa., for alleged bankrupt.

JOHNSON, District Judge. On February 24th the court wrote a short order affirming the opinion and report of the special master, in which he held that one of the three petitioning creditors, Isaacs & Levine, "was not qualified to act as one of the petitioning creditors on the said petition," for the reason that this petitioning creditor had received payments within the four months before the filing of the petition in bankruptcy, which amounts to a preference. On motion of counsel for the petitioning creditors a reargument was allowed.

On the facts and pleadings in the case, the question to be decided is whether a creditor, who has received payments within the period of four months before the filing of the petition in bankruptcy, not made and received in due course upon an open account for goods sold and delivered to the bankrupt within the four-months period, who did not know, or have reason to believe, that at the time he received the payment the bankrupt was insolvent, is qualified to act as a petitioning creditor, without the return, or the offer to return, the payments or preferences received.

In the master's report, which was affirmed by this court, it was held that such petitioning creditor was not qualified. The opinion held by the master and affirmed by the court

was correct. The position of this court is sustained by Pirie v. Chicago Title & Trust Co., 182 U. S. 438, 21 S. Ct. 906, 45 L. Ed. 1171.

The case relied on chiefly by counsel for petitioning creditors is Joseph Wild & Co. v. Provident Life & Trust Co., Trustee of Watkinson & Company, Bankrupts, 214 U. S. 292, 29 S. Ct. 619, 53 L. Ed. 1003, in which it was held that, "where a creditor, who had no knowledge of the debtor's insolvency, has a claim upon an open account for goods sold and delivered during the period of four months before the adjudication in bankruptcy, the account being made of debts and credits, leaving a net amount due from the bankrupt estate, the payments made under such circumstances do not constitute preferences which the creditor is bound to surrender before proving his claim. Yaple v. Dahl-Millikan Grocery Co., 193 U. S. 526 [24 S. Ct. 552, 48 L. Ed. 776], followed; Pirie v. Trust Co., 182 U. S. 438 [21 S. Ct. 906, 45 L. Ed. 1171], distinguished."

In this case, Mr. Justice Moody, delivering the opinion of the court, said: "The single question in the case is whether that payment was a preference. It is conceded that it would not be a preference, in view of the other facts in the case, if it had been followed by a sale and delivery of goods of any value, however small. This concession is made necessary by the decision in Jaquith v. Alden, 189 U. S. 78 [23 S. Ct. 649, 47 L. Ed. 717], which is, in all respects, like the present case, except that two days after the payment, which was alleged to be a preference, merchandise of trifling value was sold and delivered to the bankrupt. But the decision in that case was not rested upon the fact of this slight sale subsequent to the last payment. It was rather put upon the broader principle that all the dealings between the creditor and the bankrupt were after the bankrupt's insolvency, and that their net effect was to enrich the bankrupt's estate by the total sales, less the total payments. The majority of the court thought these facts distinguished the case from Pirie v. Trust Company, 182 U. S. 438 [21 S. Ct. 906, 45 L. Ed. 1171], though there was a difference of opinion upon that point. But all doubt was resolved in Yaple v. Dahl-Millikan Grocery Co., 193 U. S. 526 [24 S. Ct. 552, 48 L. Ed. 776], where the precise question, which is now here, was decided by the court, and it was held, where a creditor has a claim upon an open account for goods sold and delivered during the period of four months before the adjudication in bankrupt-

cy, the account being made up of debits and credits, leaving a net amount due from the bankrupt estate, that payments made under such circumstances did not constitute preferences which the creditor was bound to surrender before proving his claim in bankruptcy. It follows that the judgment of the Circuit Court of Appeals was erroneous, and it must be reversed."

The last case cited and relied upon by the defendants is clearly distinguishable from the case in hand and from the case of Pirie v. Chicago Title & Trust Co., 182 U. S. 438, 21 S. Ct. 906, 45 L. Ed. 1171, cited above in support of the position taken in this opinion. In the case at hand, no sales and deliveries were made by the creditor in question within the period of four months before the filing of the petition in bankruptcy; in the case relied upon by the defendant, there was an open account for goods sold and delivered during the period of four months before the adjudication in bankruptcy, the account being made up of debits and credits, leaving a net amount due from the bankrupt estate.

And now, July 10, 1928, the master's report and the order of court, heretofore made, are reaffirmed, and the petition in bankruptcy is dismissed.