**CAMPANELLA et al. v. LIEBOWITZ.**

**In re PETER CASSINELLI MACA-
RONI CO.**

**No. 6782.**

Circuit Court of Appeals, Third Circuit.
March 27, 1939.

John Francis Gough and Q. A. Ricciar-
delli, both of Jersey City, N. J., for appel-
lants.

Milberg & Milberg, of Jersey City, N.
J. (Samuel Milberg, of Jersey City, N. J.,
of counsel), for appellee.

Before DAVIS, MARIS, and BUF-
FINGTON, Circuit Judges.

DAVIS, Circuit Judge.

The appellee, trustee in bankruptcy,
filed suit in the District Court against the
appellants to recover as a preference the
sum of $2,438.07 paid by the Peter Cassi-
nelli Macaroni Company, bankrupt, to the
appellants, within four months of bank-
ruptcy.

The case was heard by a judge and
jury. The jury returned a verdict for the
appellee. Judgment was entered thereon
and Campanella et al. appealed.

Briefly, the undisputed facts indicate
that on January 12, 1937, the appellants
delivered to the bankrupt a carload of
flour. In payment they received a thirty
day note for $2,438.07. The bankrupt paid
this note on February 15, 1937, by a certi-
fied check. Within a few days after the
payment, bankruptcy proceedings were be-
gun.

The question presented to the jury at
the trial was whether or not, under the
facts of this case, the appellants had rea-
sonable cause to believe that the bankrupt
was insolvent at the time of the payment
and that it would effect a preference.
There was no evidence showing that they
had actual knowledge.

The appellants contend that the trial
judge erred in three respects:

1. In refusing to grant their motion
to nonsuit the appellee at the close of his
case. But this was not error if there was
sufficient evidence to sustain a verdict for
the appellee. The learned trial judge
thought there was and we think the evi-
dence sustains him in this.

■ 2. In refusing to charge the jury as follows: "4. It is settled by the Supreme Court that payment for goods sold and delivered while the debtor is insolvent, and within four months of his bankruptcy, is no preference in itself, and to make out a preference in this case it must be established by a preponderance of the evidence that the defendants accepted payment under such circumstances, that they must have reasonably known that the bankrupt corporation, by an honest use of its credit, was unable to meet its obligations. The mere fact that the alleged bankrupt did not pay its obligations in cash, as they fell due, is not the test. If the bankrupt corporation, by the honest use of its credit had met its obligations by honestly securing extended credits, it is the law that it is not insolvent."

Though the learned trial judge did not instruct the jury in the exact words of the above request, he did adequately and substantially cover the point in his charge. He told the jury that the appellee "must prove his case by the preponderance of the evidence"; that it was a question for them to decide "whether the members of the partnership of S. Campanella & Sons should have known as reasonable business men that this payment was made at a time when the firm making it was a bankrupt", and that it was for them to decide, whether or not, under the circumstances of this case the appellants "should have known that the debtor was bankrupt * * *".

Since the trial judge substantially covered the point of the request in his general charge, he did not err in refusing to charge in the language requested. 5 C.J. Secundum, Appeal and Error, § 1774, pp. 1158, 1160; Levin v. National Ben Franklin Ins. Co., 104 N.J.L. 316, 140 A. 461.

3. In refusing to charge that: "5. Our courts have held that when payments and new sales are made within the four months preceding the bankruptcy, the payments on such a running account do not legally constitute a preference, and if you find as a fact that this was a running account, and that the payment was received in due course, your judgment should be for the defendants."

There is no distinction in this regard between payments received on an open account and payments received on isolated transactions.

■ A technical preference is not always a voidable preference. A technical pref-erence includes all transfers of property, etc., made within four months of bankruptcy which would enable any one of the bankrupt's creditors "to obtain a greater percentage of his debt than some other creditor of the same class". Section 60a of the Bankruptcy Act, 11 U.S.C.A. § 96 (a). A voidable preference on the other hand is a technical preference which a creditor receives, knowing, or "having reasonable cause to believe," that the payment, transfer or judgment received by him will in fact result in a preference. Only voidable preferences are recoverable by the trustee. Section 60b of the Bankruptcy Act, 11 U.S.C.A. 96b.

■ In support of their contention, the appellants rely chiefly upon the case of Yaple v. Dahl-Millikan Grocery Co., 193 U.S. 526, 24 S.Ct. 552, 48 L.Ed. 776. That case, however, was decided under the Bankruptcy Act as it read prior to the amending Act of February 5, 1903. 32 Stat. 797 to 801. Prior to such amendments, a creditor who had received a technical preference, whether voidable or not, had to surrender the amount of such preference before he was allowed to prove a claim against the bankrupt estate. Section 57g, 30 Stat. 560, 11 U.S.C.A. § 93(g) note. This section, strictly construed, would have worked definite hardships against creditors who, in good faith and, without knowledge of the debtor's insolvency, had received technical preferences. Recognizing this fact, the Supreme Court, in the Yaple v. Dahl-Millikan case, supra, extended protection to creditors under such circumstances who had innocently received technical preferences in the form of payments on running accounts. However, nothing in that decision indicates that such protection is extended to creditors on running accounts who had reasonable cause to believe that they were being preferred at the time the payments were made.

In 1903, section 57g was amended so as to require preferred creditors to surrender only the voidable preferences which they had received, before being allowed to prove their claims against the bankrupt estate. 32 Stat. 799, 11 U.S.C.A. § 93(g). Thus Congress, as well as the Supreme Court, recognized the necessity of affording at least some protection to creditors who in good faith had received a payment of a debt within the four months' period.

The decision in Yaple v. Dahl-Millikan Grocery Co., supra, whatever its effect upon the Bankruptcy Act prior to the amendments of 1903, did not determine for all time that payments received on open accounts were, because of that fact alone, any the less voidable than payments on isolated transactions. As the law stands today, any payment, received within four months of bankruptcy by a creditor who has reasonable cause to believe that the debtor-payor is insolvent, is a voidable preference and may be recovered by the trustee. Section 60b, 11 U.S.C.A. § 96(b).

Since the requested charge misstated the law applicable to this case, it was not error for the District Court to refuse to instruct the jury as requested.

The judgment is affirmed.